**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000503**
**25-JUN-2018**
**01:21 PM**

NO. CAAP-16-0000503

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
AMBER ONISHI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1031)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Amber Onishi (Onishi) appeals from the Judgment of Conviction and Probation Sentence entered on June 14, 2016 by the Circuit Court of the First Circuit (Circuit Court).[1]

After a jury trial, Onishi was found guilty of Assault Against a Law Enforcement Officer in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-712.6(1) (2014).[2]

On appeal, Onishi contends that the jury instruction on self-induced intoxication was erroneous because it was "confusing" and conveyed a different meaning than that contained in the statute. Onishi further contends that the Circuit Court

---

[1]  The Honorable Rom A. Trader presided.

[2]  HRS § 707-712.6(1) provides:

(1) A person commits the offense of assault against a law enforcement officer in the second degree if the person recklessly causes bodily injury to a law enforcement officer who is engaged in the performance of duty.

"erred in failing to clarify or rephrase the language as the jury so requested via Communication."

After reviewing the record on appeal, the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Onishi's points on appeal as follows and affirm.

Onishi argues that the Circuit Court erred when it used the following language to instruct the jury on self-induced intoxication:

> Evidence of self-induced intoxication of the defendant may not be used to negative the state of mind sufficient to establish an element of the offense. However, evidence of self-induced intoxication of the defendant may be used to prove or negative conduct or to prove state of mind sufficient to establish an element of an offense.

The language found in HRS § 702-230(2) (2014) provides:

> Evidence of self-induced intoxication of the defendant is admissible to prove or negative conduct or to prove state of mind sufficient to establish an element of an offense. Evidence of self-induced intoxication of the defendant is not admissible to negative the state of mind sufficient to establish an element of the offense.

Hawai'i Rules of Penal Procedure (HRPP) Rule 30 provides the requirements for "Instructions to the Jury" in penal proceedings. "Under HRPP Rule 30, the crux of the court's instructions is that they 'afford to the jury an adequate and understandable charge.'" State v. Toro, 77 Hawai'i 340, 348, 884 P.2d 403, 411 (App. 1994) (citing HRPP Rule 30 (d)[3]). Thus, the

---

[3] HRPP Rule 30(d) provides:

Instruction to the Jury

(d) Court's Instruction. The court may revise the language of any or all of the requested instructions which are approved by the court in whole or in part pursuant to subdivision (b) of this rule and of any or all of the requested instructions to which no objection is made, and may combine such instructions, with or without any additional instructions which the court shall deem appropriate, in such manner as the court believes will eliminate repetition and will _afford to the jury an adequate and understandable charge_. If no written requests for instructions are filed the court shall prepare its own instructions. Any revision made and any instructions prepared by the court pursuant to the foregoing provisions shall be reduced by the court to writing, and counsel shall be entitled to be heard thereon. The court shall inform counsel of its proposed action with respect to any such revision made or instructions prepared by the court, and any

(continued...)

2

"trial court is not required to instruct the jury in the exact words of the applicable statute but to present the jury with an understandable instruction that aids the jury in applying that law to the facts of the case." State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998) (internal quotation marks omitted) (quoting State v. Apao, 59 Haw. 625, 645, 586 P.2d 250, 263 (1978)).

Hawai'i Pattern Jury Instructions (HAWJIC) provides jury instructions the court may use. The HAWJIC "is a product of the cooperative effort of judges and attorneys to encompass and to standardize rules of law in jury instructions, and is widely used by the circuit courts." Toro, at 348, 884 P.2d at 411. "[T]he court [is] not required to give the criminal pattern instructions adopted by the Hawai'i Supreme Court's standing committee on pattern criminal jury instructions, but [it has] the discretion under HRPP Rule 30 to give such instructions as it believe[s] would be adequate and understandable to the jury." Id. Thus, although HAWJIC is not binding, it is instructive, and the court may look to it to craft its instructions. State v. Hatori, 92 Hawai'i 217, 221 n.5, 990 P.2d 115, 119 n.5 (App. 1999). Relevant to the instruction at issue here, HAWJIC 7.04 provides:

> 7.04 INTOXICATION
>
> Evidence of self-induced intoxication of the defendant may not be used to negative the state of mind sufficient to establish an element of the offense. However, evidence of self-induced intoxication of the defendant may be used to prove or negative conduct or to prove state of mind sufficient to establish an element of an offense.

Hawaii Criminal Jury Instructions (2005), https://perma.cc/CA4T-B63C (last accessed June 21, 2018).

Although the instruction in the present case differs slightly from the statute, the language in the instruction conveys the law as provided in the statute, and thus presented

_____

[3](...continued)
changes thereon made by the court shall be reduced to writing and submitted to counsel prior to their arguments to the jury. Instructions settled as above set forth shall be read to the jury.

(Emphasis added.)

the jury with an adequate and understandable instruction of the law. This is supported by the fact that the HAWJIC instruction is identical to the instruction in this case. Therefore, the instruction was not in error.

Because the instruction was not in error, the Circuit Court's response to the jury's request for clarification of the instruction referring the jury back to this instruction was also not in error.[4]

Based on the foregoing, the June 14, 2016 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 25, 2018.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender
for Defendant-Appellant.

Chief Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

---

[4] Our resolution of this issue makes it unnecessary to address Onishi's other arguments.